## South Williamsport Borough *v.* Miller, Appellant.

*Public officers—Succession—Bond.*

The successor of a public officer is the person or board who at the expiration of the term of office or the removal of the incumbent is by law charged with the duties and invested with the powers which to the office appertain.

If one of the two overseers of the poor is qualified to act he acts for all until such time as the court of quarter sessions has filled the vacancy occasioned by the failure of the other overseers to qualify. It is only when no person qualifies that the preceding officers continue to perform the duties after the expiration of the term for which they had been elected.

Where an overseer after election has failed to qualify, the outgoing overseer should pay what moneys he has in his possession to his associate overseer who continues in office.

Argued Feb. 12, 1902. Appeal, No. 20, Feb. T., 1902, by defendant, from order of C. P. Lycoming Co., June T., 1901, No. 498, making absolute a rule for judgment, for want of a sufficient affidavit of defense, in case of borough of South Williamsport v. Joseph H. Miller, Thomas L. Jarrett and John Heilman. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the suit was brought upon an official bond of Joseph H. Miller late overseer of the borough of South Williamsport to recover public moneys, which he had not paid over to his successor in office.

Defendants filed the following affidavit of defense :

1. That Thomas L. Jarrett, one of the above named defendants, is now, and was at the time he signed the bond sued upon, a member of the borough council of the borough of South Williamsport, Pennsylvania, the plaintiff in this case.

2. Defendants above named further aver that they are informed, believe and expect to be able to prove at the trial of this case that the said Joseph H. Miller did faithfully account for the money that was received by him for and on account of his said office, to wit: overseer of the poor for plaintiff bor-

ough, and that the said Joseph H. Miller did faithfully perform the duties of his said office in the manner required by law.

3. Defendants further aver that the said Reuben R. Eck, mentioned in plaintiff's statement, was not elected to the office of overseer of the poor as the successor in office to the said Joseph H. Miller, but was elected to succeed and did succeed in office one Anthony Brandt.

4. That no person or persons have qualified according to law as the successor in office to the said Joseph H. Miller, to entitle him or them to receive from said Miller the balance found to be due the said borough by the auditor's report referred to in plaintiff's statement.

5. That no person has been duly elected and qualified to succeed the said Joseph H. Miller as overseer of the poor of said borough.

6. That the said Reuben R. Eck is not the successor in office to the said Joseph H. Miller and therefore is not entitled to receive the money now in the custody of said Miller by virtue of his office.

7. Defendants further aver that they are advised, believe and expect to be able to prove that no person legally qualified to receive the money now in the custody of said Miller by virtue of his office has ever demanded said money.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Mortimer C. Rhone* and *H. W. Whitehead*, for appellants.

*William H. Spencer*, for appellee.

OPINION BY W. D. PORTER, J., April 21, 1902:

The plaintiff's statement averred that Joseph H. Miller had been elected an overseer of the poor of the borough on February 21, 1899, for the term of two years; that he had duly qualified, and that he and the other defendants had duly executed and delivered to the proper borough authorities the official bond upon which this action was brought; and that said Miller had continued to act as such overseer of the poor until the expiration of his term of office upon March 4, 1901. It further

averred that on February 20, 1900, Reuben R. Eck was elected an overseer of the poor of said borough to serve for the term of two years from March 3, 1900, and regularly qualified as such officer and was continuing to serve as such; that the account of Joseph H. Miller, as said overseer of the poor, had been duly audited and that there was found to be due from said accountant to the said borough the sum of $1,055.75; that said Miller had failed and refused to pay over to his successor in office, the said Reuben R. Eck, the said balance so found to be due from the audit of his account as overseer of the poor, and this action was brought to recover from Miller and his sureties the amount so due and owing. The affidavit of defense did not deny any of these material allegations of fact, although it asserted that Eck was not elected to the office of overseer of the poor as the successor of Miller, but was elected to succeed and did succeed in office one Anthony Brant. It inferentially stated that the person chosen at the election held on February 19, 1901, to succeed Miller and become the associate of Eck as overseer of the poor of the borough had failed to qualify, and that no person having qualified to take Miller's place as an overseer he had no successor in office. The affidavit of defense did not raise a question of fact, but one of law. The argument is that Eck, who was elected and qualified in 1900, and was the associate in office of Miller during the year from March, 1900, to March, 1901, is not the successor in office of the latter and not entitled to the custody of the funds now in the hands of the defendant.

The duties, powers and tenures of municipal officers are regulated by law, and are liable to be changed at any time by the supreme lawmaking power. The successor of such an officer is the person or board who at the expiration of the term of office, or the removal of the incumbent, is by law charged with the duties and invested with the powers which to the office appertain. The Act of March 16, 1860, P. L. 174, in its 1st section requires overseers of the poor to give bond with surety for the faithful performance of their duties, and accounting for and paying over to their successors in office any balance that may remain in their hands at the settlement of their accounts. The 2d section of the act provides that in case of failure of such officer to give the security required within one month after his

election, then his office shall be declared vacant and the court of quarter sessions shall appoint one or more, as the case may be, who shall hold his or their office until the next election. Then follows the provision which is fatal to the contention of the defendants: "And until such appointment is made, the officer or officers giving bail shall act for one or more, and if all fail to give the required security, then the preceding officers shall perform the duties as heretofore, until such appointment is made by the court in accordance with the provisions of this act." If one overseer is qualified to act he acts for all until such time as the court of quarter sessions has filled the vacancy occasioned by the failure of the other overseer to qualify. It is only when no person has qualified that the preceding officers continue to perform the duties after the expiration of the term for which they had been elected. There can be no doubt that it was because of the inconvenience and uncertainty arising from having the terms of all the overseers of the poor end at the same time that the legislature was moved to pass the Acts of June 27, 1881, P. L. 120, and June 4, 1883, P. L. 66, under the provisions of which boroughs have two overseers of the poor and the term of office is for two years, but the terms expire in alternate years, so that one overseer is elected each year. The official body is thus made practically continuous. There is always one overseer who has given the bail required by law and is qualified to act, and under the provisions of the act of 1860 he acts for all, when after any election the newly elected overseer fails to qualify. The affidavits in this case leave no doubt that Reuben R. Eck was the only person legally qualified to act as an overseer of the poor of the borough, and as such he was entitled to the custody of the fund in question.

The judgment is affirmed.